**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 11-cv-00556 |
| | ) | |
| BOARD OF EDUCATION OF LAKE FOREST | ) | Judge Robert M. Dow, Jr. |
| COMMUNITY HIGH SCHOOL DISTRICT 115, | ) | |
| an Illinois municipal corporation; LAKE FOREST | ) | |
| COMMUNITY HIGH SCHOOL DISTRICT 115, | ) | |
| an Illinois municipal corporation; CAROLYN | ) | |
| GREVERS, an Illinois citizen, individually and as | ) | |
| employee and/or agent of Board of Education of | ) | |
| Lake Forest Community High School District 115, | ) | |
| and Lake Forest Community High School District | ) | |
| 115; JOHN HIGGINS an Illinois citizen | ) | |
| individually and as employee and/or agent of | ) | |
| Board of Education of Lake Forest Community | ) | |
| High School District 115 and Lake Forest | ) | |
| Community High School District 115; COLIN | ) | |
| KIELY, an Illinois citizen, individually and as | ) | |
| employee and/or agent of Board of Education of | ) | |
| Lake Forest Community High School District | ) | |
| 115 and Lake Forest Community High School | ) | |
| District 115; LASZLO AND ADEL  KARALYOS, | ) | |
| citizens of Canada, individually and as parents of | ) | |
| ANN-CLAIRE KARALYOS, a minor, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO STAY PROCEEDINGS

NOW COME defendants, Board of Education of Lake Forest Community High School

District 115, Lake Forest Community High School District 115, Carolyn Grevers, John Higgins,

and Colin Kiely (collectively, "Defendants"), by and through their attorneys, and respectfully

move this Court for an order staying this lawsuit pending resolution of the underlying lawsuit

regarding liability.  In support thereof, Defendants state as follows:

## BACKGROUND

Ann-Claire Karalyos ("Ann-Claire") allegedly sustained injuries while participating in a swimming practice on June 27, 2008. Laszlo and Adel Karalyos (the "Karalyos Defendants") filed the underlying Complaint at Law, currently pending as case number 10-cv-2280 in the U.S. District Court for the Northern District of Illinois, Eastern division, against Defendants on April 14, 2010. The underlying Complaint at Law alleges Defendants were negligent and willful and wanton because, among other things, they allegedly: (1) conducted swimming practice without a certified swimming coach; (2) instructed Ann-Claire to perform a dive off a starting block into too shallow of water; and (3) violated the USA Swimming Rules and Lake Forest High School Swimming Rules. The Karalyos Defendants later filed the First Amended Complaint at Law on September 16, 2010, wherein they repeated these same allegations.

The Defendants answered the Karalyos' Defendants First Amended Complaint at Law on April 28, 2011. In their Answer, Defendants stated that Anja Grevers, a USA Swimming certified coach, was present at and actively supervised the subject swimming practice. In addition, Defendants stated that the USA Swimming rules permitted the racing start Ann-Claire performed during the subject practice. The Karalyos Defendants responded to Defendants' Answer by filing the Second Amended Complaint at Law on June 3, 2011, in which they added Anja Grevers as a defendant.

Plaintiff, Lexington Insurance Company ("Lexington"), filed the Complaint for Declaratory Relief ("Declaratory Complaint") on January 25, 2011. [DE 1]. In the Declaratory Complaint, Lexington alleges it does not owe Defendants a duty to defend or indemnify because, among other things: (1) Defendants allegedly do not qualify as insureds under the Lexington insurance policy; (2) the subject swimming practice allegedly did not qualify as an "insured

2

activity" under the Lexington policy; and (3) a water depth exclusion allegedly applies to bar coverage for the underlying complaint . [DE 1 at ¶¶ 42, 44, 47-49].

Lexington has not filed an amended complaint to reflect the new allegations contained in the Karalyos Defendants' Second Amended Complaint at Law, including the allegations against Anja Grevers and the naming of her as a defendant.

## ARGUMENT

The Court should stay this declaratory judgment action because it cannot decide several key issues in this matter without interfering with the underlying liability action and unduly prejudicing Defendants.

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). District courts have discretion to determine when and whether to decide a declaratory judgment action. *Wilton v. Seven Falls Co.*, 115 S.Ct. 2137, 2144 (1995). Courts hold that declaratory complaints regarding insurance coverage are premature when they necessarily would establish any "ultimate facts" in pending underlying liability cases. *Maryland Cas. Co. v. Peppers*, 64 Ill. 2d 187, 196-97, 355 N.E.2d 24, 30 (Ill. 1976). *See also State Farm Fire & Cas. Co. v. Shelton*, 176 Ill. App. 3d 858, 865, 531 N.E.2d 913, 917 (Ill. App. Ct. 1988) ("Illinois case law holds that when a declaratory judgment court is asked to declare whether an insured's conduct is covered under a policy, it must not determine disputed factual issues that are crucial to the insured's liability in the underlying personal injury lawsuit.").

The Declaratory Complaint seeks a declaratory judgment as to the rights and obligations of the parties with respect to a complaint that was superseded by the filing of the underlying Second Amended Complaint. However, any declaratory judgment here would require the Court

3

to make the following findings of fact: (1) whether Anja Grevers or another coach present at the subject swimming practice was a USA Swimming certified coach; (2) whether Anja Grevers or another USA Swimming certified coach was actively supervising the subject practice; (3) whether the starting block from which Ann-Claire dove complied with the USA Swimming rules; (4) the nature of the dive Ann-Claire performed; and (5) whether the water into which Ann-Claire dove complied with the depth requirements of the USA Swimming and other rules. Each of these facts bears directly on Defendants' alleged liability for the underling injury, and a premature ruling on them by this Court would compromise Defendants' ability to defend themselves in the underlying case.

Indeed, the Court would have to decide ultimate facts from the underlying case in order to determine whether any Defendants qualify as "Additional Named Insureds." The Lexington policy provides that "**Additional Named Insured**[s] shall be included under the Persons Insured section of this policy as an **Insured**, solely as respects to liability arising from **Insured activities**." [DE 1, Ex. A at 25]. "Additional Named Insureds" include "United States Swimming, Inc., clubs and seasonal clubs which athletes or participants and coaches are members of United States Swimming, Inc." *Id*. "Insured activities" include "Swimming practices . . . where all swimmers and/or participants are members of United States Swimming, Inc. and which are conducted under the direct and active supervision of a **member coach**." *Id*. at 26. Thus, in order to determine whether any of the Defendants are "Additional Named Insureds," the parties must engage in discovery regarding, and this Court ultimately must rule on, whether a USA Swimming coach was present and actively supervising the subject practice.

The Court must also determine whether Ann-Claire's dive, which forms the entire basis for the underlying complaint, violated the USA Swimming rules or any other applicable rules.

This is necessary because an exclusion in the Lexington policy bars coverage for "any **occurrence** arising out of or relating to racing starts in water depths less than the minimum required in the United States Swimming, Inc. technical rules or any municipal, local, state or federal ordinance, regulation, code or statute in effect at the date of the **occurrence**." [DE 1, Ex. A at 33]. The USA Swimming rules also require the starting blocks to comply with certain height requirements. [DE 1 at 49]. In order to rule on the Declaratory Complaint, therefore, the Court must decide whether Ann-Claire dove into water of sufficient depth and whether she dove from a regulation starting block under the USA Swimming or other rules.

In sum, the Court cannot rule on the Declaratory Complaint without deciding numerous disputed facts that form the very basis for the underlying complaint. The Court should, therefore, stay this matter pending resolution of the Karalyos Defendants' Second Amended Complaint at Law.

WHEREFORE, Defendants Board of Education of Lake Forest Community High School District 115, Lake Forest Community High School District 115, Carolyn Grevers, John Higgins, and Colin Kiely respectfully pray this Court enter an order staying this declaratory judgment action until resolution of the underlying liability complaint, and that the Court grant such further relief as it deems just and appropriate.

Dated: August 1, 2011                    Respectfully submitted,

                                         **BOARD OF EDUCATION OF LAKE
                                         FOREST COMMUNITY HIGH SCHOOL
                                         DISTRICT 115, LAKE FOREST
                                         COMMUNITY HIGH SCHOOL DISTRICT
                                         115, CAROLYN GREVERS, JOHN
                                         HIGGINS, and COLIN KIELY,**

                                         By:      s/*Stephen M. Mahieu*_____
                                                  One of Its Attorneys
Charles A. LeMoine
Rosa M. Tumialán
Stephen M. Mahieu
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (phone)
(312) 876-1155 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all registered ECF participants.

s/*Stephen M. Mahieu*
Stephen M. Mahieu