# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 556 | **DATE** | 1/10/2012 |
| **CASE TITLE** | Lexington Insurance Co. Vs. Board of Education of Lake Forest Community High School District 115 et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendants' motion to stay the proceedings [21]. Defendants, Lake Forest Community High School District 115, Carolyn Grevers, John Higgins, and Colin Kieley (collectively, "Defendants"), argue that the Court should stay the proceedings pending the resolution of the underlying lawsuit regarding liability. For the reasons below, the Court grants Defendants' motion [21]. The parties are directed to file joint status reports at six month intervals apprising this Court of the status of the underlying case, and nothing in this order precludes Plaintiff from filing a motion to lift the stay in the event of changed circumstances prior to the six month reporting dates.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

This case arises out of alleged injuries sustained by the plaintiff in the underlying lawsuit, Ann-Claire Karalyos, while participating in a swimming practice on June 27, 2008, at Lake Forest High School.[1] The Plaintiff here, Lexington Insurance Company ("Lexington"), filed a complaint in this Court asking for declaratory relief on January 5, 2011, alleging that it does not owe Defendants a duty to defend or indemnify because: (1) Defendants allegedly do not qualify as insureds under the Lexington insurance policy; (2) the subject swimming practice allegedly did not qualify as an "insured activity" under the Lexington policy; and (3) a water depth exclusion allegedly applies to bar coverage for the underlying complaint. Defendants ask the Court to stay the declaratory action because a decision in this matter might interfere with the underlying liability action.

> [FN1] The underlying action was filed by Ann-Claire's parents, Laszlo and Adel Karalyos, on April 14, 2010. That case, 10-cv-2280, is currently pending before Judge Zagel in this district. The underlying complaint alleges that Defendants were negligent, willful, and wanton because, among other things, they: (1) conducted swimming practice without a certified swimming coach; (2) instructed Ann-Claire to perform a dive off a starting block into too shallow of water; and (3) violated the USA Swimming Rules and Lake Forest High School Swimming Rules.

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). District Courts have discretion to determine when and whether to decide a declaratory judgment action. See *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). But Illinois courts have held that declaratory complaints regarding insurance

**STATEMENT**

coverage are premature when they present for decision in the coverage action any "ultimate facts" that otherwise would be resolved in the pending underlying liability case. *Maryland Cas. Co. v. Peppers*, 64 Ill. 2d 187, 196-97 (Ill. 1976). See also *State Farm Fire & Cas. Co. v. Shelton*, 176 Ill. App. 3d 858, 863 (Ill. App. Ct. 1988) ("Illinois case law holds that when a declaratory judgment court is asked to declare whether an insured's conduct is covered under a policy, it must not determine disputed factual issues that are crucial to the insured's liability in the underlying personal injury lawsuit."). Under this so-called "prematurity doctrine," declaratory judgment should not be used to force the parties to an injury action "to have a dress rehearsal of an important issue expected to be tried in the injury action." *Shelton*, 176 Ill. App. 3d at 865 (citation omitted).

Thus, at issue here is whether the Court can make a determination as to the declaratory action independent of the ultimate issues to be resolved in the underlying injury suit. The Plaintiff argues that the Court can decide this coverage action because none of the issues overlap with the ultimate facts at issue in the underlying action. The Defendants, on the other hand, argue that any declaratory judgment would require the Court to make a determination as to whether there was a certified coach supervising the practice, and which, if any, USA Swimming Rule applied to the incident in question. Both of these, according to Defendants, are "inexorably linked" to the ultimate issues in the underlying case. The Court agrees with Defendants because it is not at all clear that proceeding with this declaratory judgment action would not invade the primary responsibility of the court in the underlying action to resolve the ultimate issues in that case.

Even if, as Plaintiff contends, the depth of the pool at the time of the dive in question is undisputed, in order to reach a decision on the coverage issues, the Court still may be required to determine whether Defendants (1) provided a certified coach to supervise the practice, and (2) complied with the appropriate USA Swimming Rule—both of which are contested issues in the underlying action. Making a determination on either or both of those issues in this case could inhibit the Defendants' ability to defend the injury claims in the underlying case. As discussed above, reaching such a decision is improper in a declaratory action. See also *Fidelity & Cas. CO. of N.Y. v. Envirodyne Engineers, Inc.,*, 461 N.E. 2d 471, 475 (1st Dist. 1983) (noting that a declaratory court cannot address any ultimate fact or issue crucial to the insured's liability in the underlying matter); *Allianz Ins. Co. v. Guidant Corp.*, 839 N.E. 2d 113, 120 (2d Dist. 2005) (recognizing that a declaratory action should not proceed "where the issues to be decided in both actions are substantially similar," as "an untimely determination in the declaratory judgment action could subsequently prejudice a party in the underlying action through application of collateral estopple." (quoting *Murphy v. Urso*, 430 N.E. 2d 1079 (Ill. 1981); *Brotherhood Mut. Ins. Co. v. Roseth*, 532 N.E. 3d 354 (Ill. 1988)). Because the Court may be called upon to make a determination in the process of deciding this declaratory action that would prejudice Defendants' and interfere with Judge Zagel's determination of the liability issues in the underlying case, Defendants' motion to stay [21] is granted. The parties are directed to file joint status reports at six month intervals apprising this Court of the status of the underlying case, and nothing in this order precludes Plaintiff from filing a motion to lift the stay in the event of changed circumstances prior to the six month reporting dates.